UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-07-3385 |
| KARA-LYN REZA, *et al.*, | § § § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is plaintiff Farouk Systems, Inc.'s motion for summary judgment. Dkt. 12. Upon consideration of the record and applicable law, the motion for summary judgment is GRANTED.

## BACKGROUND

Farouk Systems, Inc. ("FSI"), is a Texas corporation that manufactures curling irons, hand-dryers, hair irons, and other hair care products. Dkt. 1. FSI owns several trademarks in connection with its products. *Id.* These trademarks include U.S. Trademark Registration No. 2,660,257 for an electric hair curling iron and No. 3,107,769 for electric hand-held dryers. *Id.* In addition, FSI has three pending trademark applications under U.S. Trademark Application Serial Numbers: No. 78/524,660 for hair coloring preparations; No. 77/055,581 for hair irons; No. 76/512,597 for hair care products; and No. 78/622,448 for hair dryers. *Id.* All these products are marketed under the CHI mark ("the Mark"), which is associated with a variety of FSI hair care products. *Id.*

In 2007, FSI learned that the defendants, Kara-Lyn Reza and Zubair Reza, individually and doing business as lyn_boutique, were selling allegedly counterfeit CHI products on eBay. *Id.* FSI

filed suit in the Southern District of Texas on October 15, 2007, seeking to hold the Rezas liable for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and under Texas state law, as well as for trademark dilution under Texas statute. *Id.* A return of service summons was executed on both defendants on November 15, 2007. Dkts. 6, 7. The defendants filed a *pro se* answer to the amended complaint on November 30, 2007, denying the allegations that they had infringed the Mark and asserting various affirmative defenses. Dkt. 8. Since filing their answer, however, the defendants have failed to respond to the court's discovery and case management plan request, to the court's scheduling conference, to any of the plaintiff's discovery requests, and to the plaintiff's motion for summary judgment.

## STANDARD OF REVIEW

The court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

2

317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

## ANALYSIS

Under these standards, FSI has demonstrated that no issue of material fact remains to be decided in this case. Defendants failed to respond to the motion for summary judgment in order contest the evidence FSI presented in support of its claim. Because they failed to respond to discovery, defendants are deemed to have admitted that they sold products infringing on the Mark, which was valid and enforceable, without authorization from FSI. Dkt. 13. Defendants are further deemed to have admitted that they willfully infringed the Mark by continuing to sell counterfeit products after FSI filed this suit. *Id.* These actions by the defendants violated the Section 32 and Section 43 of the Lanham Act. 15 U.S.C. §§ 1125, 1114. Therefore, plaintiff is entitled to statutory relief as provided in 15 U.S.C. § 1117.

In determining the measure of damages to award, the court has considerable discretion in fashioning an appropriate remedy. *Taco Cabana Int'l, Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1127

(5th Cir. 1991). This discretion includes the ability to enhance damages to provide proper redress to an otherwise undercompensated plaintiff where imprecise damage calculations fail to do justice, particularly where the imprecision results from defendant's conduct. *Id.* Any enhancement to damages, however, cannot be punitive. *Id.* In this case, the Rezas continued selling counterfeit CHI products in at least 85 instances after FSI filed this suit. Dkt. 13. The extent of the defendants' willful infringement demonstrated they had no regard for FSI's properly registered Mark. Therefore, enhanced damages are warranted in this case.

Furthermore, the defendants' willful and deliberate conduct in selling counterfeit products for such a prolonged period of time indicates that this is an exceptional case under Section 35 of the Lanham Act and warrants an award of attorneys' fees and costs. *Taco Cabana*, 932 F.2d at 1127.

Finally, because FSI has prevailed on the merits, the court also considers whether a permanent injunction is appropriate in order to prevent further infringement. The plaintiff must demonstrate that equitable relief is appropriate in all other respects. *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396 (1987). The standard for a permanent injunction is largely the same as that for a preliminary injunction, except that the plaintiff must show actual success on the merits rather than likelihood of success. *Id.* That means, after success on the merits, a permanent injunction requires consideration of three factors: (1) the substantial threat that the plaintiff will be irreparably harmed if the injunction does not issue; (2) whether and to what degree the defendant will be harmed if the injunction does issue; and (3) whether the public interest will be served by the injunction. *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). Applied to the facts in this case, FSI faces dilution of its Mark in addition to lost profits as a result of the defendants' sale of counterfeit products. This harm strongly outweighs the harm to the defendants, who will lose sales of admittedly counterfeit hair products bearing the CHI Mark. The public interest will be served by

the injunction because its issuance will allow consumers to have increased confidence in the authenticity of the products they purchase.

## CONCLUSION

For the reasons stated above, FSI's motion for summary judgment is GRANTED. Final judgment will be entered on behalf of the plaintiff.

It is so ORDERED.

Signed at Houston, Texas on October 27, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY